**540**

David Paul CHENAULT, Appellant,

v.

The STATE of Texas, Appellee.

No. 46263.

Court of Criminal Appeals of Texas.

May 16, 1973.

Joe B. Garza, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the offense of breaking and entering a motor vehicle with intent to commit theft. Punishment was assessed at two years' confinement.

■ Two grounds of error are raised. Appellant contends that the record reflects two notes from the jury requesting a copy of the testimony of a certain witness. Appellant argues that, since the record does not indicate any written response on the part of the trial court, Article 36.27 of the Code of Criminal Procedure was violated.

A supplemental transcript filed with this Court reflects that an extensive written response from the trial judge was made to the jury, on the same day as the inquiry was made. No error is shown.

■ In his remaining ground, appellant challenges the sufficiency of the evidence. A reading of the record reflects that on September 24, 1971, a Dallas police officer was parked under an awning at a service station. The officer testified that it was raining very heavily and he was finishing up some paper work. When the rain stopped, the officer noticed an automobile pull up and park in front of an auto lot. Two persons were in the vehicle; the passenger got out, looked around, and then put on a pair of brown gloves. This man, identified as appellant, walked across the parking lot and behind a building. The police officer became suspicious and started after appellant. As the officer started across the street, the driver of the automobile in which appellant had arrived began honking the horn rapidly. Appellant came running from behind the building, pulled off his gloves and jumped in the car. The officer stated that appellant had emerged from behind a white 1960 Oldsmobile. The officer pursued the fleeing car occupied by appellant and the driver and he eventually stopped their vehicle.

After apprehending the two men, the officer returned to the auto lot to investigate. He found the left vent window broken out on the white 1960 Oldsmobile and particles of glass in the front seat and on the floorboard. The door on that side was unlocked. A few drops of rain had fallen inside the car. The arresting officer further testified that a pair of gloves was retrieved from appellant's automobile and that fine particles of glass were embedded in the gloves.

The manager of the used car lot testified that he closed up the lot on the day in question and he personally made sure the windows were rolled up and all the doors locked on the white 1960 Oldsmobile. No windows were broken at that time. He gave no one permission to break into this automobile.

The jury was charged on the law of circumstantial evidence; the evidence is sufficient to support the conviction.

The judgment is affirmed.